UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TERESA TOMBRAGEL**

    **Plaintiff,**

    v.

**ORAL & FACIAL SURGERY ASSOCIATES, DRS. PERRY, MORRISON AND WATERS, LLC, et al.,**

    **Defendants.**

Case No. 1:24-cv-14

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Before the Court is Defendants Oral & Facial Surgery Associates, Drs. Perry, Morrison and Waters LLC (OFSA); Dr. Dennis Perry; and Dr. J. David Morrison's (collectively, Defendants) Motion to Dismiss (Doc. 11) Plaintiff Teresa Tombragel's Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(5) for Tombragel's failure to timely serve Defendants.

Tombragel filed her Complaint on January 10, 2024. (Doc. 1). The Clerk's Office issued a summons the next day for "Dennis Perry – Registered Agent", on January 11, 2024. (Doc. 2). But no filing shows that Tombragel ever served that summons, with her Complaint, on Dr. Perry—either as a defendant himself or as the registered agent for OFSA. About four months later, on May 2, 2024, apparently realizing her need for a summons as to each defendant, Tombragel then requested the clerk to issue summons for the two individual Defendants along with reissuing a summons for OFSA. (Doc. 4, #28 (requesting reissued summons for OFSA); Doc. 5,

#30 (requesting summons for Dr. Perry); Doc. 6, #32 (requesting summons for Dr. Morrison)). The Clerk's Office issued new summons for all Defendants on May 3, 2024. (Doc. 7, #34–39). Tombragel has yet to serve that second set of summons on any of the Defendants.

On May 22, 2024, Defendants moved to dismiss. (Doc. 11). They also filed an affidavit[1] from Becky Gardner, the office manager at OFSA, the same day. (Doc. 10). In that affidavit, Gardner asserts that OFSA moved its office location in July 2022. (*Id.* at #42). Since the move, the postal service does not deliver mail to the old office address. (*Id.* at #43). Gardner nevertheless occasionally checked the old office mailbox whenever she was nearby. (*Id.* at #42). Gardner swears that in March 2024, the summons for this lawsuit was not in the Company's former mailbox. (*Id.*). She also swears that when she checked the mailbox again on April 24, 2024, she found the summons in the mailbox, inside an envelope that was addressed but not postmarked. (*Id.* at #43). A copy of the Complaint was not included in the envelope. (*Id.*).

Plaintiff has responded to the Motion to Dismiss, (Doc. 12), and Defendants have replied, (Doc. 13). The matter is now ripe for the Court's review.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after her complaint is filed. The plaintiff must serve the defendant with both a summons and a copy of her complaint. Fed. R. Civ. P. 4(c)(1). If a plaintiff fails to serve the defendant within 90 days, but shows good cause for failing to do so,

---

[1] When deciding a Rule 12(b)(5) motion, the Court may refer to record evidence to determine the sufficiency of service, including "uncontroverted affidavits." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)

2

the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If the plaintiff fails to show good cause for her failure to timely serve the defendant, the Court "must dismiss the action without prejudice" or "order that service be made within a specified time." *Id.* When deciding between those options, the Court weighs five factors: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant (beyond merely defending the suit); (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff made a good faith effort to effect service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568–69 (6th Cir. 2022).

Applying that standard, the first question is whether Tombragel has shown good cause for her failure to serve Defendants within 90 days. To do so, she must establish that she has made a "reasonable, diligent effort to timely effect service of process." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (cleaned up). Neither ignorance of procedural rules nor counsel's mistakes are sufficient to meet that burden. *Id.* The most common scenarios giving rise to good cause involve a defendant evading service, error by the district court, or a pro se plaintiff's illness. *Id.*

Tombragel does not even come close to showing good cause. Her reasons for failing to serve Defendants include: (1) "not hav[ing] addresses for the individual defendant doctors", (2) "none of the defendant doctors still work[ing] at [OFSA]" at the time of attempted service, and (3) OFSA moving offices. (Doc. 12, #74–75). Each

3

of these essentially reduces to "I didn't know the service address." But lack of knowledge of a defendant's address is not good cause for failing to serve that defendant (at least absent some evidence suggesting that the defendant is affirmatively taking steps to conceal that address).

Moving to the second step of the analysis, the Court also finds that the five *Oakland Physicians* factors favor dismissal without prejudice. Beginning with the first factor, Tombragel *still* has not served any defendant. So the Court would have to extend the time to serve nearly four months past the original deadline imposed by Rule 4(m) to allow her to effect service. The first factor therefore favors Defendants.

As to the second factor, though, the Court is not convinced that Defendants would be prejudiced beyond the mere burden of defending against the suit. Although Defendants state that this is an "old claim," (Doc. 13, #82), they provide no specific reason why the claim being old prejudices their defense. They vaguely claim that timeliness serves the important general objective of ensuring defendants have an adequate recollection of the events described in a complaint. (*Id.*). But they stop short of claiming they personally do not recall the events in Tombragel's Complaint, or explaining how a four-month extension would alter their recollection. The second factor thus favors Tombragel.

For the third factor, Tombragel claims Defendants had actual notice of the lawsuit. If true, that would mean the lack of service did not prevent Defendants from learning of the case. But Tombragel's only support for this point is (unsworn) argument in her briefing describing a pre-lawsuit conversation between Tombragel's

counsel and Defendants' insurance adjuster in which they allegedly discussed potential settlements. (Doc. 12, #74). This account is unreliable because Tombragel recounts it only in her briefing, rather than by way of affidavit. And even if it is true, it fails to show Defendants had notice of a *lawsuit*, rather than mere notice of an aggrieved dental patient. The only evidence in the record detailing Defendants' knowledge of the actual suit is Gardner's affidavit, which shows that Defendants learned of the existence of the suit (although not its substance) on April 24, 2024, when she discovered the summons (but no complaint) in the Company's former mailbox. (Doc. 10, #43). So the third factor favors Defendants.

As to the fourth factor, Tombragel will not suffer serious prejudice from a dismissal without prejudice because she can refile the suit. True Ohio's medical malpractice statute of limitations has likely run between the filing of her Complaint and now. *See* Ohio Rev. Code § 2305.113(A)("Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued."); *Doe v. Springboro Cmty. City Sch. Dist. Bd. of Educ.*, No. 1:21-cv-623, 2024 WL 361666, at *6 (S.D. Ohio Jan. 31, 2024) ("Ohio's accrual rule for [medical malpractice] claims provides that a claim accrues at the *later of* the time when (1) the plaintiff discovers his injury, or (2) the patient-physician relationship ends."); (Doc. 1 ¶ 40, #6 ("Plaintiff discovered the salient facts underlying the elements of her causes of action … on January 12, 2023.")). But because this is a diversity action asserting Ohio state-law claims, *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), means that Ohio's savings

5

statute applies. *See Rutherlan Enters., Inc. v. Zettler Hardware*, 700 F. App'x 398, 401–02 (6th Cir. 2017) (analyzing scope of Ohio's savings statute in a diversity action applying substantive Ohio law). And under the terms of that statute, so long as Tombragel refiles her claim within a year of the dismissal, she can claim the benefit of the filing date of her earlier Complaint for statute of limitations purposes. Ohio Rev. Code § 2305.19(A). This factor thus also favors Defendants.

Lastly—and for this case, most importantly—Tombragel's efforts fall well short of a diligent or good faith attempt to serve Defendants. Not only has Tombragel served no defendant *to this day*, but the only record evidence shows that any attempts at service did not comply with the Federal Rules of Civil Procedure or the Ohio Civil Rules (which the Federal Rules of Civil Procedure adopt as to service in certain circumstances, *see* Fed. R. Civ. P. 4(e). That Tombragel left a non-postmarked envelope in OFSA's former mailbox suggests that she (through either her counsel or some other person) personally placed the summons in that mailbox. But Federal Rule 4(h)(1)(B) requires personal service on the registered agent of a corporate defendant him- or herself—not service by dropping a summons in a mailbox, even where, as here, that mailbox is located at the address listed for the entity's registered agent.[2]

---

[2] The Court can take judicial notice of the address listed on the Ohio Secretary of State's website for OFSA's registered agent. *Layne v. Thouroughman*, No. 1:23-cv-702, 2024 WL 3068872, at n.1 (S.D. Ohio June 20, 2024) (footnote in caption); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The website lists the agent as Dennis A. Perry, 10506 Montgomery Road, Suite 203, Cincinnati, Ohio, 45242. *Bus. Details and Filings*, Ohio Sec'y of State, https://perma.cc/RU2N-A768. That is the same address at which Gardner discovered the summons in the mailbox in April. (Doc. 10, #43; Doc. 12, #75).

6

Fed. R. Civ. P. 4(h)(1)(B). And Ohio Civil Rule 4.1(A)(1)(a)—which Federal Rule 4(e)(1) incorporates as a rule governing proper service of process—requires a plaintiff to mail the summons and complaint via certified or express mail, then evidence that mailing with a signed return receipt. Tombragel's attempted service satisfied neither of these rules and evinced a lack of diligence. Accordingly, the fifth factor favors Defendants.

On balance, the Court finds that the *Oakland Physicians* factors favor Defendants. The Court therefore **GRANTS** Defendants' Motion to Dismiss (Doc. 11). The Court **DISMISSES** both Tombragel's Complaint (Doc. 1), and this action, *see Boxill v. O'Grady*, 935 F.3d 510, 516–17 (6th Cir. 2019), **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

August 2, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**